IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

Crucible Materials Corporation, et al.,[1]

Debtor.

Richard D. Caruso, as Litigation Trustee of the Crucible Materials Corporation Creditors' Litigation Trust,

Plaintiff,

vs.

Defendants Listed Below

Bk. No. 1:09-11582-MFW
(Jointly Consolidated)

Chapter 11

| Defendant Name | Adversary Number |
|---|---|
| Advanced Communications Co. | 10-55061 |
| Air Liquide Industrial U.S. LP | 10-55308 |
| Ajax Tocco Magnethermic Corporation | 10-55063 |
| Allied Metals Corp. | 10-55338 |
| Alloys Unlimited & Processing, Inc. | 10-55064 |
| Amalgamet, Inc. | 10-55065 |
| Applied Science Consultants, LLC | 10-55067 |
| Aramark Uniform Services (Syracuse) LLC | 10-55069 |
| Atwater Steel Trading Corporation | 10-55075 |
| Barex Resources, Inc. | 10-55079 |
| Builders Leasing Corp. | 10-55249 |
| Butler Management, LLC dba Huston Group | 10-55150 |
| Centimark Corporation dba Centimark Roof Systems | 10-55088 |
| Consumers Energy Company | 10-55102 |
| Data Systems International, Inc. | 10-55106 |
| Duff & Phelps Corporation | 10-55347 |
| Earle M. Jorgensen Company | 10-55339 |
| Eaton Steel Bar Company, Inc. | 10-55120 |
| Empire Crane Co., LLC | 10-55123 |
| EQT Energy, LLC fdba Equitable Energy, LLC | 10-55348 |
| Erasteel, Inc. | 10-55124 |
| Ervin Industries, Inc. | 10-55125 |
| Finnegan, Henderson, Farabow, Garrett & Dunner, LLP | 10-55136 |
| Fuzion Technologies, Inc. | 10-55137 |
| G-Force Transmissions - North | 10-55141 |
| Green & Seifter, Attorneys, PLLC | 10-55146 |
| Harsco Corporation dba Rexmix of PA, Inc. | 10-55349 |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Crucible Materials Corporation (9229); Crucible Development Corporation (3475). The Debtor's headquarters is located at 575 State Fair Boulevard, Syracuse, NY 13209

M0890463;2

-1-

| | |
|---|---|
| Industrial Precision Products, Inc. | 10-55152 |
| Interlink Metals Inc. | 10-55153 |
| International Metal Corporation | 10-55156 |
| International Tool Steel, Inc. | 10-55155 |
| Kenneth Crosby Central New York, LLC fka Kelley & Kelley Industrial Supply | 10-55160 |
| Konecranes, Inc. | 10-55166 |
| Kopo International, Inc. | 10-55169 |
| Leggett & Platt, Incorporated | 10-55177 |
| Marsh USA Inc. | 10-55343 |
| Metal Management, Inc. | 10-55186 |
| Mid-State Door, Inc. | 10-55243 |
| Millbank Materials (PA), Ltd. fka Reward Raw Materials, Inc. | 10-55270 |
| MOD43 Inc. | 10-55244 |
| National Fuel Resources, Inc. | 10-55246 |
| National Grid USA Service Company, Inc. dba National Grid Corp. | 10-55247 |
| Niagara Specialty Metals, Inc. | 10-55250 |
| NStar Gas Company | 10-55252 |
| Orbit Industries, Inc. | 10-55254 |
| P.M.C. Machining & Manufacturing, Inc. | 10-55260 |
| Pacemaker Steel and Piping Co., Inc. | 10-55255 |
| Painter Tool Incorporated | 10-55256 |
| Precision Industries, Inc. dba Precision-Marshall Steel Company | 10-55261 |
| PSK Steel Corp. | 10-55264 |
| Purther Recycling, Inc. | 10-55265 |
| R & M Grinding, Inc. | 10-55266 |
| RAS Management Advisors, LLC | 10-55269 |
| RSL Industrial Contracting, Inc. dba RSL Contracting | 10-55273 |
| Safety Solutions, Inc. | 10-55274 |
| Schenker, Inc. dba Schenker International, Inc. | 10-55280 |
| Shalmet Corporation | 10-55284 |
| The Hartford Financial Services Group, Inc. aka Hartford Financial Services, Inc. | 10-55147 |
| The Lenick Company | 10-55178 |
| The Verdecchia Company, Inc. | 10-55298 |
| The Wellsville Foundry, Inc. | 10-55300 |
| Thermatex Sales Corporation | 10-55289 |
| Tri-Pro Metals, Inc. | 10-55292 |
| Turner Medical, Inc. fka Turner's Machine, Inc. | 10-55293 |
| V & V Trading Inc. | 10-55294 |
| Veritas Alloys & Metals, LLC | 10-55297 |
| Waste Technology Services, Inc. dba WTS | 10-55306 |
| West Tech Road, LLC | 10-55301 |
| Westmoreland Mechanical Testing & Research, Inc. dba Westmoreland M T & R, Inc. | 10-55302 |

| Woodward, Inc. | 10-55304 |

## SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to each of the above-captioned adversary proceedings.

**IT IS HEREBY ORDERED** that:

1. Any extension of time to file a responsive pleading is not effective unless approved by Order of the Court. Any motion for extension of time to file a responsive pleading or stipulated order for such extension must be filed with the Court no later than ten (10) days before the Initial Scheduling Conference in the adversary proceeding.

2. The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable by Fed.R.Bankr.P. 7026, shall be deemed to have taken place at the initial status conference held on January 28, 2011 ("Initial Status Conference").

3. The parties shall provide the initial disclosures under Fed.R.Civ.P. 26(a)(1) no later than fourteen (14) days after the discovery planning conference. Any extension of the deadline to provide initial disclosures must be by Order of the Court and will only be granted for good cause shown.

4. All fact discovery shall be complete no later than 210 days after the Initial Status Conference.

5. Any expert report required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue, not including any report by Plaintiff on insolvency of the Debtor, no later than two hundred forty (240) days after the Initial Status Conference. If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be provided no later than two hundred forty (240) days after the Initial Status Conference.

Any expert report by Plaintiff on the insolvency of the Debtors, as well as any Parties' expert report intended to rebut any other expert report, shall be provided no later than two hundred sixty (260) days after the Initial Status Conference. Defendant shall provide any expert report intended to rebut any report on insolvency by Plaintiff no later than two hundred seventy (270) days after the Initial Status Conference. All reports shall provide the information required by Fed.R.Civ.P. 26 (a)(2)(B). All expert discovery shall be completed, and discovery shall close, no later than two hundred eighty (280) days after the Initial Status Conference.

6. Pursuant to the General Order Regarding Procedures in Adversary Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004, no later than two hundred and ten (210) days after the Initial Status Conference, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and request that the Court select and appoint a mediator to the proceeding.

7. Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

8. All dispositive motions shall be filed and served no later than fifteen (15) days after the close of all discovery and shall be subject to Rule 7007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

9. The parties shall comply with the General Order Governing Pretrial Procedures in Adversary Proceedings Set for Trial Before Judge Mary F. Walrath. The parties shall file, no later than three (3) business days prior to the date set for Trial, their Joint Pretrial

Memorandum approved by all counsel and shall contemporaneously delivery two (2) copies thereof to Judge Walrath's chambers.

10. The Court shall hold a status conference no later than sixty (60) days after the deadline to file dispositive motions for the purpose of addressing trial schedule or other matters for those of the above captioned adversary proceedings that remain open.

11. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiff shall file a status report forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

12. Deadlines contained in this Scheduling Order may be amended by stipulation of the parties as approved by order of the Court, or by the Court upon motion for good cause shown.

13. The Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

Dated: Jan 28, 2011
Wilmington, DE

_____
MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE